UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SOUTH FORK LIVESTOCK PARTNERSHIP,<br><br>       Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>       Defendants. | 3:15-CV-0066-LRH-VPC<br><br>ORDER |

Before the court is defendants the Te-Moak Tribe of Western Shoshone Indians of Nevada ("Te-Moak Tribe"), the South Fork Band ("South Fork"), Davis Gonzalez ("Gonzalez"), Alice Tybo ("Tybo"), and Virgil Townsend's ("Townsend") (collectively "tribal defendants") motion to dismiss for lack of subject matter jurisdiction. Doc. #7.[1] Plaintiff South Fork Livestock Partnership ("SF Livestock") filed an opposition (Doc. #21) to which tribal defendants replied (Doc. #23).

I.   **Facts and Procedural Background**

This is a civil rights action involving the use of federal grazing permits on federal land. Plaintiff SF Livestock is a partnership made up of several tribal members who were granted federal grazing permits for various areas located in the State of Nevada. SF Livestock alleges that tribal defendants have prevented it from exercising its rights under the federal grazing permits by restricting their access to the land designated in the federal grazing permits.

---

[1] Refers to the court's docket number.

On January 30, 2015, SF Livestock initiated the present action against several defendants. In its complaint, SF Livestock alleges four causes of action including: (1) civil rights violation under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) property rights violations; (3) access to water violations; and (4) injunctive and monetary relief. Doc. #1. In response, tribal defendants filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #7.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As such, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise involve federal jurisdiction.' *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, tribal defendants have brought a facial challenge to the court's subject matter jurisdiction.

///

2

### III. Discussion

#### A. Indian Tribes

In their motion, tribal defendants argue that they should be dismissed as defendants because neither defendant Te-Moak Tribe nor defendant South Fork have waived their sovereign immunity from suit. *See* Doc. #7. The court agrees.

As domestic dependent nations, Indian tribes exercise "inherent sovereign authority" that is only subject to plenary control by Congress. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991). Unless and until Congress acts, the tribes retain their historic sovereign authority. *United States v. Wheeler*, 435 U.S. 313, 323 (1978). Among the core aspects of sovereignty that tribes possess is the "common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). That immunity applies whether a suit is brought by a State,[2] or arises from a tribe's commercial activities off Indian lands.[3] Therefore, unless Congress has unequivocally authorized the underlying action or there is an express waiver of sovereign immunity by the tribes, this action must be dismissed. *See Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024, 2030-2032 (2014).

Here, the court notes that there is no congressional act authorizing a suit against a tribe for alleged violations of federal grazing permits. Further, the court finds that there has been no express waiver of sovereign immunity by either defendant Te-Moak Tribe or defendant South Fork for the present action. Thus, this action must be dismissed against these defendants as a matter of law.

In its opposition, SF Livestock tries to save its complaint against the tribes by arguing that the tribes' Section 17 corporate charters include a specific waiver of sovereign immunity for suits by individuals against the tribal corporations. *See* Doc. #21. However, SF Livestock did not sue the tribes' Section 17 corporations. Instead, SF Livestock sued the tribes directly. Further, the simple

---

[2] *See, e.g., Puyallup Tribe, Inc. v. Department of Game of Wash.*, 433 U.S. 165 (1977).

[3] *See Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc.*, 523 U.S. 751 (1998).

fact that a tribe has a Section 17 corporation to allow it to conduct business within a state "in no way affects the sovereign immunity of the [tribe]" as a matter of law. *Linneen v. Gila River Indian Community*, 276 F.3d 489, 493 (9th Cir. 2002). Therefore, the court finds that it is without subject-matter jurisdiction as it relates to defendants Te-Moak Tribe and South Fork and the court shall dismiss these defendants with prejudice.

### B. Individual Tribal Defendants

In general, the umbrella of tribal sovereign immunity from suit also extends to tribal officials. *See Linneen v. Gila River Indian Community*, 276 F.3d 489, 492 (9th Cir. 2002) ("The principles that motivate the immunizing of tribal officials from suit - protecting an Indian tribe's treasure and preventing a plaintiff from bypassing tribal immunity merely by naming a tribal official - apply just as much to tribal employees when they are sued in their official capacity . . . Accordingly, we hold that tribal immunity protects tribal employees acting in their official capacity within the scope of their authority."). However, "[t]ribal sovereign immunity . . . does not bar a suit for prospective relief against tribal officers allegedly acting in violation of federal law." *Arizona Public Service Co. V. Aspaas*, 77 F.3d 1128, 1133-34 (9th Cir. 1995). Specifically, the Ninth Circuit has held that under the *Ex Parte Young* doctrine, 209 U.S. 123 (1908), a suit against tribal officials alleging an ongoing violation of federal law by the tribal officer is not subject to the tribe's sovereign immunity. *See BNSF v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007) ("In determining whether *Ex Parte Young* is applicable to overcome the tribal officials' claim of immunity, the relevant inquiry is only whether BNSF has alleged an ongoing violation of federal law and seeks prospective relief.")

SF Livestock argues that the three identified tribal officials - defendants Gonzalez, Tybo, and Townsend - have acted and are continuing to act in violation of federal law by denying SF Livestock's federal grazing rights. *See* Doc. #21. As the complaint requests injunctive relief to stop this ongoing violation, SF Livestock argues that it has sufficiently met the *Ex Parte Young* test to continue this suit against the individual tribal defendants. The court disagrees.

4

As to the three individual tribal defendants, the sole allegations in the complaint are that (1) Gonzalez is the Chairman of the Te-Moak Tribe; (2) Tybo is the Chairman of South Fork; and (3) Townsend is the administrator of South Fork. There are no additional allegations against any of these defendants and they are not mentioned again throughout SF Livestock's entire complaint. Other than these passing, generic references, there are no allegations of wrongdoing that would give rise to any action cause of action or injunctive relief. SF Livestock must allege some conduct, action, threat of conduct, or control by the individual tribal defendants related to the alleged denial of access to federal land and water to fall under the *Ex Parte Young* doctrine. However, SF Livestock's complaint is devoid of any such allegations. Therefore, the court shall likewise dismiss the individual tribal defendants from the complaint. However, because the individual tribal defendants' dismissal is related directly to pleading deficiencies in the complaint, the court's dismissal of these defendants shall be without prejudice.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #7) is GRANTED.

IT IS FURTHER ORDERED that defendants Te-Moak Tribe of Western Shoshone Indians of Nevada and the South Fork Band are DISMISSED as defendants in this action WITH PREJUDICE.

IT IS FURTHER ORDERED that defendants Davis Gonzalez, Alice Tybo, and Virgil Townsend are DISMISSED as defendants in this action WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days after entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 13th day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE